**Electronically Filed
Intermediate Court of Appeals
30312
27-JUN-2011
08:00 AM**

NO. 30312

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
PO'OKELA CRAIG-RODENHURST, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CRIMINAL CASE NO. 1P109-03463)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Po'okela Craig-Rodenhurst ("Craig-Rodenhurst") appeals from the Notice of Entry of Judgment and/or Order filed on January 15, 2010 ("Judgment") in the District Court of the First Circuit, Honolulu Division ("District Court"),[1] finding him guilty of possessing a hook-and-line, trap, net, or spear in the water during a "closed to fishing" period[2] in violation of Hawaii Administrative Rules ("HAR")

---

[1]    The Honorable Russel Nagata presided.

[2]    HAR § 13-48-2 states:

>    The Waikiki-Diamond Head Shoreline Fisheries Management Area shall be:
>
>    (1)    "Open to fishing" commencing on March 1, 1988 and terminating on December 31, 1988 at midnight;
>    (2)    "Closed to fishing" commencing on January 1, 1989 and terminating on December 31, 1989 at midnight; and
>    (3)    Henceforth, such "open to fishing" and "closed to fishing" periods shall be consecutively alternated on a yearly basis commencing on January 1, 1990.

§ 13-48-3 (2009).[3/] At trial, Craig-Rodenhurst did not dispute any of the facts related to the citation.

On appeal, Craig-Rodenhurst raises twelve points of error ("POE") that fall into three categories: (1) the District Court lacked jurisdiction over the case and should, therefore, have granted his motion to dismiss (POE 1-4 and 7-10); (2) the Judgment conflicted with the Hawai'i Supreme Court's decision in *Public Access Shoreline Hawaii v. Hawai'i Cnty. Planning Comm'n*, 79 Hawai'i 425, 903 P.2d 1246 (1995) ("*PASH*") (POE 5 and 6); and (3) all other claims (POE 11 and 12).[4/]

---

[3/]    HAR § 13-48-3 states in relevant part:

> No person shall engage in the following activities in the Waikiki-Diamond Head Shoreline Fisheries Management Area:
>
> (1)    Fish for, catch, take, injure, kill, possess, or remove any finfish, octopus, shrimp, crab, lobster, sea urchin, and all other marine life and eggs thereof during the "closed to fishing" period;
> (2)    Take, injure, kill, possess, or remove live coral at any time includinq the "open to fishing" period;
> (3)    Have or possess in the water, hook-and-line, trap, net, spear, or any other fishing gear. during the "closed to fishing" period;
> (4)    Between the hours of 6:00 p.m. to 6:00 a.m., use any spear during the "open to fishing" period; or
> (5)    Have or possess in the water, trap or net except thrownet or handnet to land hooked fish during the "open to fishing" period.

[4/]    In its answering brief, the State, unprompted, advises that the January 15, 2010 oral charge did not sufficiently apprise Craig-Rodenhurst of the nature and cause of the accusation against him, because it failed to include the phrase "spear, or any other fishing gear during the 'closed to fishing' period" or any reference to the statute that the defendant was charged with violating. In such cases, "it is incumbent on the appellate court [first] to ascertain . . . that the confession of error is supported by the record and well-founded in law and [second] to determine that such error is properly preserved and prejudicial." *State v. Hoang*, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000) (brackets in original) (quoting *State v. Wasson*, 76 Hawai'i 415, 418, 879 P.2d 520, 523 (1994)).

Any inadequacy in the January 15, 2010 oral charge notwithstanding, Craig-Rodenhurst was initially arraigned on April 7, 2009, at which time the charge would have initially been presented. Because the April 7, 2009 transcript was not provided to us as part of this record on appeal, we can not evaluate the State's contention, and conclude that any such error has not been properly preserved. *Hoang*, 93 Hawai'i at 336, 3 P.3d at 502 ("Hoang's failure to include the arraignment transcript in the record effectively precludes this court from determining, as a matter of law, whether the confession of error by the prosecution is justified.") Craig-Rodenhurst raised no objection pre- or post-trial or on appeal to the charge, conceding

2

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment and resolve Appellant's points of error as follows:

I.    Jurisdictional Claims

District courts have jurisdiction over criminal offenses punishable by fine or by imprisonment not exceeding one year. HAW. REV. STAT. § 604-8 (Supp. 2010). The offense of spear fishing in the Waikiki-Diamond Head Shoreline Fisheries Management Area during a "closed to fishing" period is a petty misdemeanor. Haw. Admin. R. § 13-48-6.[5] A crime is a petty misdemeanor if the maximum prison term does not exceed thirty days. HAW. REV. STAT. 701-107(4) (Supp. 2008).

Craig-Rodenhurst contends that the District Court erred in denying his motion to dismiss and that the district court lacks jurisdiction because "[HAR § 13-48-3] is a United States American law and not a law of the Hawaiian Kingdom. This law and acts committed against the Defendant violates [sic] his Hawaiian Constitutional Rights." (Brackets in original omitted.)

We have consistently held, however, that persons claiming to be citizens of the Kingdom of Hawai'i are not exempt from the laws of the State of Hawai'i:

> Whatever may be said regarding the lawfulness of the
> Provisional Government in 1893, the Republic of Hawai'i in
> 1894, and the Territory of Hawai'i in 1898, the State of
> Hawai'i was . . . and is now, a lawful government . . . .
> Persons claiming to be citizens of the Kingdom of Hawai'i
> and not of the State of Hawai'i are not exempt from the laws
> of the State of Hawai'i applicable to all persons (citizens
> and non-citizens) . . . within the State of Hawai'i.

---

that he had done what he was charged with doing, with his testimony and cross-examination directed solely to the issue of the court's jurisdiction to enforce the regulation against him. As a result, any incongruity between the two oral charges would not have been prejudicial.

[5]    The Hawai'i Department of Land and Natural Resources is authorized to "establish, maintain, manage, and operate freshwater or marine fishing reserves, refuges, and public fishing areas" and to "make, adopt, and amend rules and may issue permits as it deems necessary for managing the fishing reserves, refuges, public fishing areas, and other waters or lands under the jurisdiction or control of the State." HAW. REV. STAT. § 188-53(a) (1993).

*State v. Fergerstrom,* 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004); *see also State v. Lorenzo,* 77 Hawai'i 219, 220, 883 P.2d 641, 642 (App. 1994); *State v. Jim,* 80 Hawai'i 168, 172, 907 P.2d 754, 758 (1995); *State v. Rodenhurst,* No. 30154, 2010 WL 4263538, *1 (Haw. Ct. App. October 29, 2010), *cert. denied,* No. SCWC-30154, 2010 WL 5167706, *1 (Haw. December 14, 2010).

II.  *PASH* Claims

Craig-Rodenhurst appears to argue that his conduct was constitutionally protected under the Hawai'i Supreme Court's decision in *PASH,* 79 Hawai'i 425, 903 P.2d 1246.  He fails, however, to meet his burden to establish that his conduct should have been accorded constitutional protection.  *E.g., State v. Hanapi,* 89 Hawai'i 177, 183, 970 P.2d 485, 491 (1998).

III. All Other Claims

Craig-Rodenhurst's remaining POE, 11 and 12, are deemed waived as they are unsupported by any argument.  Haw. R. App. P. 28(b)(7) (points not argued may be deemed waived).

Therefore,

IT IS HEREBY ORDERED that the Judgment filed on January 15, 2010 in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawai'i, June 27, 2011.

On the briefs:

Po'okela Craig-Rodenhurst
Defendant-Appellant Pro Se.

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge